IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN DOE, on behalf of himself and all other similarly situated, <br> Plaintiff, <br><br> v. <br><br> AYLO HOLDINGS USA CORP.; AYLO USA, INC.; and AYLO BILLING LIMITED, collectively, d/b/a Pornhub, <br> Defendants. | § § § § § § § § § § § § § | NO. A-25-CV-2106-ADA-ML |

**ORDER**

Before the court is Plaintiff's Motion for Permission to Proceed Under Pseudonym (Dkt. 2).[1] Summons have been issued, but no Defendants have appeared or filed a response. After reviewing the motion and the relevant case law, the undersigned issues the following order.

Rule 10(a) commands that the title of every complaint "must name all the parties." FED. R. CIV. P. 10(a). And under Rule 17, every "action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). The Federal Rules of Civil Procedure do not include provisions for plaintiffs wishing to proceed anonymously. *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). However, courts have allowed plaintiffs to conceal their true identities "under certain special circumstances." *Id.* at 712-13 (explaining that where issues in a case are "of a sensitive and highly personal nature," pseudonyms may be appropriate).

---

[1] United States District Judge Alan D Albright referred motions in this case to the undersigned for disposition or report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Standing Order dated Feb. 27, 2025.

1

Courts must balance the "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Fifth Circuit has identified three factors commonly present in cases permitting party anonymity: "(1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information 'of the utmost intimacy;' and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 185. However, this is not meant to be a rigid "three-step test." *Id.*

When a plaintiff has demonstrated a need for anonymity, the court should use its powers under Rule 16(b) to manage pretrial proceedings and Rule 26(c) to issue protective orders limiting disclosure of the party's name "to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Doe (M.H.) v. G6 Hosp. LLC*, No. 4:22-CV-198-SDJ, 2022 WL 2532489 (E.D. Tex. July 7, 2022) (citations omitted).

Plaintiff alleges this case involves matters of the utmost privacy and intimate personal details, which would cause mental harm if exposed. Dkt. 2 ¶¶ 8-9. Plaintiff also alleges this case involves Plaintiff's search and viewing history on an adult content website. *Id.* ¶ 10. Plaintiff argues Defendants would not be prejudiced because this case is in its nascent stages and Plaintiff will disclose his identity to Defendants and the court. *Id.* ¶¶ 12, 15. Having considered Plaintiff's arguments, the court finds that Plaintiff should be permitted to proceed under a pseudonym at this stage of the litigation.

Accordingly, Plaintiff's Motion for Permission to Proceed Under Pseudonym (Dkt. 2) is **GRANTED WITHOUT PREJUDICE**, subject to a challenge by Defendants following their appearance.

**IT IS ORDERED** that Plaintiff may proceed with this instant action under the pseudonym "John Doe."

**IT IS FURTHER ORDERED** Plaintiff's true name may be used in depositions and in the investigation of this matter. However, Plaintiff's true name shall be provided to only those individuals who must know his name in order to fully participate in this litigation. Plaintiff's true name shall not be provided to the media or to anyone involved in this litigation.

**IT IS FINALLY ORDERED** that Defendants are ordered to maintain the confidentiality of Plaintiff John Doe's identity by using only pseudonyms in all of their filings, including all exhibits in which his name appears.

SIGNED January 23, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE